UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROZELLE MCFADDEN,

                Petitioner,

    -vs-

UNITED STATES OF AMERICA,

                Respondent.

**No. 10-CR-6072**
**No. 16-CV-6434**
**DECISION AND ORDER**

---

## I. INTRODUCTION

Petitioner Rozelle McFadden ("McFadden") is a federal prisoner currently serving a 15-year sentence of imprisonment following his plea of guilty on September 15, 2010 to possession with intent to distribute cocaine base in violation of 21 U.S.C § 841(a)(1) ("Count two") and possession of a firearm in the furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(b) (Docket No. 23). McFadden was sentenced on February 16, 2011 to consecutive sentences of imprisonment totaling 180 months.

At sentencing, McFadden was adjudicated a career criminal based on three predicate controlled substance offense convictions pursuant to the career offender provisions of the United States Sentencing Guidelines (the "Guidelines"). He now moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, McFadden's motion is denied.

## II. DISCUSSION

McFadden bases his collateral attack on the Supreme Court's recent ruling in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015). *Johnson* addresses the constitutionality of the

residual clause of the Armed Career Criminal Act ("ACCA"). Under ACCA, a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. Section 922(g) faces a sentencing enhancement of a minimum of 15 years if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). ACCA's residual clause provided that a defendant's prior conviction qualified as a violent felony for purposes of the sentencing enhancement if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held that the imposition of an increased sentence under the residual clause violates due process as guaranteed by the Fifth Amendment of the United States Constitution on the ground that the clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557.

Here, however, the Government correctly notes that *Johnson* is not applicable to McFadden's case. At his sentencing, McFadden was enhanced to career offender status, based in part on prior criminal convictions, under Section 4B1.1(a) of the Sentencing Guidelines. (Docket No. 36 (sentencing transcript), p. 12-15). Section 4B1.1(a) provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or *a controlled substance offense*.

2

U.S.S.G. § 4B1.1(a) (emphasis added). The Second Circuit has held that *Johnson* is applicable when a defendant is sentenced as a career offender under § 4B1.1 if one or more of defendant's prior convictions was a "crime of violence" as defined in § 4B1.2. of the Guidelines. *See United States v. Maldonado*, 636 Fed.Appx. 807, 809-810 (2d Cir. 2016).

The record here reveals that McFadden was adjudicated a career offender by United States District Court Judge Charles J. Siragusa on the basis of prior convictions for controlled substance offenses, not crimes of violence. (Docket No. 37 (plea transcript), p. 9-10). Consequently, the Court, having considered McFadden's *pro se* status, concludes that there are no circumstances in the record indicating that McFadden's sentence is, in any part, invalidated by the Supreme Court's holding in *Johnson*. *See United States v. Aristizabel*, 2016 WL 4097817, at *2 (S.D.N.Y. July 22, 2016) (*Johnson* not applicable where defendant had two prior controlled substance convictions that triggered his career offender status).

### III. Conclusion

McFadden's motion for vacatur and correction of his sentence (Docket No. 44) is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   August 20, 2016
         Rochester, New York.